| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

### CIVIL MINUTES – GENERAL

| Case No.  8:21-cv-00252-JLS-DFM | Date: January 06, 2022 |
|---|---|
| Title:  Suzanne Na Pier v. Ram Mafatal Prajapati, et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                   Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT (Doc. 26)**

Before the Court is Plaintiff's Application for Default Judgment.  (App., Doc. 26; Mem., Doc. 26-1.)  The Court finds this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  Accordingly, the hearing set for **January 7, 2021 at 10:30 a.m.**, is VACATED.  Having considered the pleadings, the party's brief, and for the reasons stated below, the Court DENIES the Motion.

### I.    BACKGROUND

On February 8, 2021, Plaintiff Suzanne Na Pier ("Na Pier") filed a Complaint asserting claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* and the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* (Compl., Doc. 1.)  The Court declined to exercise supplemental jurisdiction over Na Pier's Unruh Act claim and dismissed the claim without prejudice to filing in state court.  (*See* Order, Doc. 13.)

Na Pier is a California resident who is "substantially limited in performing one or more major life activities, including walking, standing, ambulating, and sitting," and as a result of these disabilities, Na Pier "relies upon mobility devices, including at times a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00252-JLS-DFM                                        Date: January 06, 2022
Title: Suzanne Na Pier v. Ram Mafatal Prajapati, et al

wheelchair, to ambulate." (Compl. ¶ 1, Doc. 1.) Defendants are Ram Mafatal Prajapati as well as Jerry Kae Kil Park and Julie Nack Joo Park individually and as trustees of the Jerry J.K Park and Julie N.J. Park Living Trust, UTD Dated December 3, 2007. (*Id.* ¶¶ 2-4.) Na Pier alleges that Defendants own the property located at 18801 Pioneer Blvd., Artesia, CA 90701, where a Pioneer Liquor (the "Business") is located. (*Id.* ¶¶ 2-6.)

Na Pier avers that she "went to the Business on or about January 23, 2021 for the dual purpose of purchasing a snack and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning [sic] federal and state law." (*Id.* ¶ 11.) Na Pier alleges that "there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ('ADAAG') on January 23, 2021." (*Id.* ¶ 12.) Na Pier further alleges that "Defendants' facility has barriers that include but are not limited to: a built up curb ramp that projects from the sidewalk and into the access aisle . . . [and] the curb ramp is in excess of the maximum grade allowed by ADAAG specifications[.]" (*Id.* ¶ 13.)

Although Na Pier served the Summons in a Civil Action on Defendants, Defendants failed to respond. (Docs. 14, 16-17.) Na Pier requested the Clerk to enter Default against Defendants, and Default was entered. (Docs. 19, 23-24.) Na Pier filed the present Application for Default Judgment seeking both injunctive relief and attorney fees and costs. (App. at 2, Doc. 26.) Although the Application was also served on Defendants, they failed to respond. (*Id.*)

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default judgment must be preceded by an entry of default. *See* Fed. R. Civ. P. 55; see also *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00252-JLS-DFM         Date: January 06, 2022
Title: Suzanne Na Pier v. Ram Mafatal Prajapati, et al

entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); see also Fed. R. Civ. P. 8(b)(6). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). This is because the allegations of the amount of damages suffered are not taken as true. *See Geddes*, 559 F.2d at 560.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00252-JLS-DFM                                   Date: January 06, 2022
Title:  Suzanne Na Pier v. Ram Mafatal Prajapati, et al

### III.  DISCUSSION

The Court denies the Application because, in considering the second *Eitel* factor—the merits of Na Pier's substantive claim—Na Pier has failed to demonstrate that she can prevail on her ADA claim because she has not alleged or provided any evidence to support that removal of the architectural barrier at issue is readily achievable.

To prevail on an ADA claim, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

"The ADA defines 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Soto v. Doublz of El Monte, Inc.*, 2021 WL 4733761, at *1 (C.D. Cal. Aug. 23, 2021) (quoting 42 U.S.C. § 12181(9)).  "Thus, to prevail on [an] ADA claim, [a] plaintiff must also establish that: (1) defendant failed to alter the subject barrier when doing so was readily achievable; or (2) if the alterations are not readily achievable, defendant could have made the subject facilities available to plaintiff through alternative methods without much difficulty or expense." *Id.*

The Ninth Circuit recently adopted a burden-shifting framework to determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00252-JLS-DFM                                                        Date: January 06, 2022
Title:  Suzanne Na Pier v. Ram Mafatal Prajapati, et al

"who bears the burden of proving that removal of an architectural barrier is readily achievable." *Id.*  Under this burden-shifting analysis, plaintiffs bear the initial burden "of *plausibly showing* that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020).  Under this framework, "plaintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier." *Id.* at 1038.[1]  But while a plaintiff need not provide "precise cost estimates and a specific design regarding their proposed accommodation," a plaintiff must "plausibly show how the cost of removing the architectural barrier does not exceed the benefits under the circumstances." *Soto*, 2021 WL 4733761, at *1.

Here, Na Pier has not even alleged that removal of the architectural barrier is readily achievable, let alone carried her burden to plausibly show that the cost of removing the barrier does not exceed the benefits.  The Application states only that "Defendants have failed to remove those barriers and violated the American [sic] with Disability Act." (Mem. at 7, Doc. 26-1.)  This is insufficient to demonstrate Na Pier is entitled to relief on her claim.  Accordingly, the Court concludes that Default Judgment is inappropriate.

---

[1] The ADA requires courts to consider four enumerated factors when determining whether an action is readily achievable, including: (1) "the nature and cost of the action needed"; (2) "the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such an action upon the operation of the facility"; (3) the "overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities"; and (4) the "type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity." *Id.* at 1038.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00252-JLS-DFM                                                           Date: January 06, 2022
Title:  Suzanne Na Pier v. Ram Mafatal Prajapati, et al

### IV.      CONCLUSION

    For the foregoing reasons, Na Pier's Application for Default Judgment is DENIED, as is Na Pier's request for injunctive relief and request to affix attorney fees, and this action is DISMISSED.

Initials of Deputy Clerk: mku